**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Tanya S. Crawford<br><br>Plaintiff,<br>vs.<br><br>Hello Home Buyers LLC<br><br>Defendant | ) Case No. 7:26-cv-06526 |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/16/2026

## MOTION TO DISMISS

MEMO ENDORSED

Defendant Hello Home Buyers LLC ("Defendant"), through its attorney, Anthony M. Verna III, pursuant to Fed.R.Civ.P. 12(b)(6)moves to dismiss the Complaint of Plaintiff Tanya S. Crawford ("Plaintiff") which alleged one cause of action for violation of 47 U.S.C. § 227(c)(5) of the Telephone Consumer Protection Act ("TCPA"). This cause of action must be dismissed because:

- The private right of action under 47 U.S.C. § 227(c)(5) does not apply to texts, but only to telephone calls.

See page 2.

- Even if 47 U.S.C. § 227(c)(5) applies to texts, the Plaintiff did not receive more than one text at issue within any 12-month period without her permission, which is required for a private right of action under this statute.

- The texts received by the Plaintiff do not constitute "telephone solicitations" within the meaning of 47 U.S.C. § 227(a)(4) and 47 C.F.R. § 64.1200(f)(15).

If the Complaint is dismissed without leave to amend there is no need to address the Plaintiff's request for class certification. Defendant will not address this request here because it would be premature at the motion to dismiss stage because class certification under *Rule 23* typically requires "a more complete factual record." *Winfield v. Citibank, N.A.,* 842 F. Supp. 2d 560,573 (S.D.N.Y. 2012); see, e.g., *Chen-Oster v. Goldman,Sachs & Co.,* 877 F. Supp. 2d 113, 117 (S.D.N.Y. 2012).

**The Court's Individual Practice Rules require parties to file a letter seeking a pre-motion conference in anticipation of filing a motion. Defendant did not seek a pre-motion conference in advance of filing a motion to dismiss. (ECF No. 9.) Defendant's motion to dismiss is therefore denied without prejudice; Defendant is instructed to instead file a pre-motion letter. The Clerk of the Court is kindly directed to terminate the motion at ECF No. 9.**

**Dated: October 16, 2026**
**White Plains, NY**

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

# Table of Contents


Table of Contents ........ 3

I. Facts ........ 6

a. The Standard of a Motion to Dismiss ........ 6

II. LEGAL ARGUMENT ........ 7

A. The Complaint States No Claim for Relief because the Plaintiff has no private right of action under 227(c)(5) of the TCPA ........ 7

B. The Text Messages are not Telephone Solicitations within the Meaning of the TCPA. ........ 10

C. Plaintiff Did not Receieve more than one telephone call within any 12-month period in violation of the regulations. ........ 13

III. Rule 11 Request ........ 14

IV. Conclusion ........ 15

## Table of Authorities

### Cases

*Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)....15
*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009)....6, 7
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)....6
*Brown v. Hursh Group LLC*, 2026 U.S.Dist. LEXIS 22237 (D. Colo. Sept. 28, 2026)....8
*Cacho v. McCarthy & Kelly LLP,* 739 F. Supp. 3d 195, (S.D.N.Y. 2024)....10
*Combs v. Ug Franchise Operations*, LLC , 2026 U.S.Dist. LEXIS 226990 (C.C.CA. October 2, 2026)....8
*Conrad v. Hart Consumer Prods*., 2026 U.S. Dist. LEXIS 209507, 2026 WL 2741623 (N.D. Ala. Sept. 16, 2026)....8
*Conrad v. Hart Consumer Prods*., 2026 U.S.Dist. LEXIS 209507, 2026 WL 2741623 (N.D.Ala. Sept. 16, 2026)....9
*Edelsberg v. Vroom, Inc*., Case No. 16-cv-62734-GAYLES (S.D. Fla. Mar 27, 2018)....13
*Friedman v. Torchmark Corp.*, No. 12-CV-2837-IEG (BGS), 2013 WL 4102201, at *5-7 (S.D. Cal. Apr. 16, 2013)....11
*Gerrard v. Acara Solutions Inc*., 469 F.Supp.3d 96 (W.D. N.Y. 2020)....11
*Howard v. Republican Nat'l Comm*., 164 F.4th 119 (9thCir. 2026)....8
*Hulce v. Zipongo Inc*., 132 F.4th 493 (7th Cir. 2025)....12
*In re Facebook, Inc., IPODerivative Litig*., 797 F.3d 148, 159 (2d Cir. 2015)....7
*Jance v. Homerun Offer LLC*, No. CV-20-00482, 2021 U.S. Dist. LEXIS 143145 (D. Ariz. July 29, 2021)....11
*Meadows v. Franklin Collection Serv., Inc*., 414 Fed. App'x. 230, 236 (11th Cir. 2011)....12
*Murphy v. DCI Biologicals Orlando, LLC*, 2013 WL 6865772, at *10 (M.D. Fla. Dec. 31, 2013)....12
*Newell v. JR Capital, LLC*, No. 25-1419 (E.D. Pa. Aug. 17, 2026)....14
*Radvansky v. 1st Class Med.,* 2026 U.S. Dist. LEXIS 216656, 2026 WL 2858562 (D. Colo. Sept. 23, 2026)....8
*Rockwell v. Medicus Healthcare Sols*., 24-CV-128-LJV (W.D. N.Y. Mar 31, 2025)....12
*Rush v. Selectquote Ins. Servs.,* 2026 U.S. Dist. LEXIS 1822934 (W.D. Mo. July 30, 2026)....8
*Satterfield* v. *Simon & Schuster, Inc.,* 569 F. 3d 946 (9th Cir. 2009)....8
See *Suescum v. Family First Life, LLC*, 2023 WL 311144, at *2 (M.D. Fla. Jan. 19, 2023)....12, 13
*Soliman v. Subway Franchisee Advertising Fund Trust, Ltd*., 101 F.4th 176 (2d Cir. 2024)....9
*Steidinger v. Blackstone Med. Servs*., 182 F. 4th 532 (7th Cir. 2026)....7, 8
*Wilson v. Easy Spirit , LLC,* 2026 U.S.Dist. LEXIS 69059, 2026 WL 884170 (D. Conn. March 31, 2026)7

### Statutes

§227(c)(1)....8
47 C.F.R. § 64.1200(f)(13)....10
47 C.F.R. § 64.1200(f)(15)....10
47 C.F.R. §64.1200 (c)....13
47 U.S.C. § 227(a)(4)....10
47 U.S.C. § 227(c)(5)....6, 7, 9, 10
47 U.S.C.§ 227(b)(1)(A)....9

### Rules

Fed. R. Civ. P. 11(c)(2) ........ 14

## I. Facts

Hello Home Buyers LLC is a real estate company headquartered in Cortlandt Manor, New York, that searches for real estate to buy for investors in certain situations, such as a spike in housing prices in a certain area, or an increase in financially troubled properties in an area. Defendant uses publicly available real estate records to identify properties it might be interested in buying. One such property belongs to the Plaintiff. Defendant sent four texts over four days to the Plaintiff involving an offer to buy her home. The first text, sent on May 11, 2026 from an identified caller, Lucy, said "Hi Tanya, this is Lucy. I'm a local buyer in Poughkeepsie. Would you be open to an offer on 28 Balding Ave? Stop to Opt Out." Complaint Par. 36. Plaintiff did not message Lucy to opt out from future texts. The next two texts, on May 13 and 14, were follow-ups to the first text. The fourth text sent on May 15, 2026, acknowledged that Plaintiff's non-response to the prior texts indicated a lack of interest in selling her home. Thus, Defendant sent no additional texts to Plaintiff.

Plaintiffs' sole cause of action must be dismissed because it rests upon a provision in the TCPA, 47 U.S.C. § 227(c)(5) ("§227(c )(5)"), that does not apply to text messages. Even if it did, the texts at issue here do not qualify for relief under §227(c)(5).

### a. The Standard of a Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft* at 678.

The Court need not accept conclusory assertions, legal conclusions, or formulaic recitation of a claim's elements. See, e.g., *In re Facebook, Inc., IPODerivative Litig*., 797 F.3d 148, 159 (2d Cir. 2015). Determining whether a Complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, 556 U.S. at 664*.

## II. LEGAL ARGUMENT

### A. The Complaint States No Claim for Relief because the Plaintiff has no private right of action under 227(c)(5) of the TCPA.

The Plaintiff relies on §227(c)(5):

(5)Private right of action

A person who has received more than one **telephone call** within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—……. (emphasis supplied)

Surprisingly, neither the U.S. Supreme Court nor any federal Court of Appeals decided the meaning of "telephone call" within this section until July 14, 2026, when the United States Court of Appeals for the Seventh Circuit issues *Steidinger v. Blackstone Med. Servs.*, 182 F. 4th 532 (7th Cir. 2026). The Seventh Circuit held that text messages "do not fall within the private right of action created by § 227(c)(5*)*". *Id.* at 540.

In a Second Circuit district court case decided prior to *Steidinger, Wilson v. Easy Spirit , LLC,* 2026 U.S.Dist. LEXIS 69059, 2026 WL 884170 (D. Conn. March 31, 2026), the court noted in Footnote 3 that federal district courts have split on whether text messages are "telephone calls" § 227(c )(5*)* and that the Second Circuit had not ruled on this issue. Thus, finding itself

bound by no precedent, the district court judge found that § 227(c)(5*)* did cover text messages, based upon his broad interpretation of § 227(b) and his review of 2018 TCPA amendments. The Seventh Circuit reached the opposite conclusion, using the same methodology as the *Wilson* district Court. The Seventh Circuit was not persuaded by the "march of technology" argument advanced to support a broader meaning of "telephone call". It rendered an interpretation of "telephone call" that excluded text messages based on the language in §227(c)(1) and (2) that direct the FCC to engage in rulemaking "to protect residential telephone subscribers' privacy rights to avoid **telephone solicitations** to which they object." This highlighted term is defined in the TCPA to cover both telephone calls and messages. The Seventh Circuit said "The best reading of § 227(c)(5*)* is therefore that it provides a narrower remedy than recovery for all forms of telephone solicitation; plaintiffs may sue after receiving unwanted telephone calls, but not unwanted telephone solicitations (which include not merely calls but also messages.)" 182 F. 4th at 536.

The majority of district court decisions since *Steidinger* have followed it.[1] *Rush v. Selectquote Ins. Servs.,* 2026 U.S. Dist. LEXIS 1822934 (W.D. Mo. July 30, 2026);*Radvansky v. 1st Class Med.,* 2026 U.S. Dist. LEXIS 216656, 2026 WL 2858562 (D. Colo. Sept. 23, 2026);*Conrad v. Hart Consumer Prods*., 2026 U.S. Dist. LEXIS 209507, 2026 WL 2741623 (N.D. Ala. Sept. 16, 2026); *Brown v. Hursh Group LLC*, 2026 U.S.Dist. LEXIS 22237 (D. Colo. Sept. 28, 2026);*Card v. R.J. Reynolds Tobacco Holdings, Inc*., 2026 U.S.Dist. LEXIS 201636

[1] Only one case has not. *Combs v. Ug Franchise Operations*, LLC , 2026 U.S.Dist. LEXIS 226990 (C.C.CA. October 2, 2026) did not follow *Steidinger* because it said that the Ninth Circuit had ruled that the term "call" in §227 (b)(1)(A) included texts. The decisions it relied upon, *Satterfield* v. *Simon & Schuster, Inc.,* 569 F. 3d 946 (9th Cir. 2009) and *Howard v. Republican Nat'l Comm*., 164 F.4th 119 (9thCir. 2026), did not interpret the meaning of "telephone call" under § 227(c )(5). The Seventh Circuit pointed out that these decisions dealt with a different provision of §227(c) and that federal courts are not bound by the FCC's interpretation of §227 under recent Supreme Court precedent. 182 F. 4th at 538.

(M.D.N.C. Sept, 3, 2026); *Conrad v. Hart Consumer Prods*., 2026 U.S.Dist. LEXIS 209507, 2026 WL 2741623 (N.D.Ala. Sept. 16, 2026).

As noted, the Second Circuit has not ruled on the meaning of "telephone call" under § 227(c)(5). However, in *Soliman v. Subway Franchisee Advertising Fund Trust, Ltd*., 101 F.4th 176 (2d Cir. 2024) the Second Circuit found that the term "call" in 47 U.S.C.§ 227(b)(1)(A) did not include texts because they cannot be made using an artificial or prerecorded text. The Second Circuit upheld the dismissal of a complaint alleging violation of 47 U.S.C.§ 227(b)(1)(A) for a text message sent to the plaintiff offering her a free bag of potato chips. This case recognizes the distinctions throughout the TCPA caused by use of different terms and definitions. Here, neither a court nor the FCC has defined "telephone call" in § 227(c)(5) and there is no reason to not follow the reasoned analysis of the Sevent Circuit in *Steidinger*.

The Complaint (Pars. 5-11) presents this case in the context of the need to ban excessive **telemarketing robocalls** underlying the TCPA. Text messages, particularly the small four texts at issue here, are not telemarketing robocalls. They do not raise the same public policy concerns. First, unlike telemarketing robocalls, texts do not seize telephone lines needed for emergency or medical assistance. Second, the consumer in this situation had the ability to control the annoyance she felt by opting out from future texts, as allowed in the first text. She could have prevented or certainly minimized her alleged "harm" but she chose not to do so, unlike robocall recipients subject to repeated calls. In effect, she consented to receiving future texts.

In sum, this Complaint fails to allege any facts or law that would justify the broad reading of "telephone call" that would allow her relief under §227 (c)(5).

**B. The Text Messages are not Telephone Solicitations within the Meaning of the TCPA.**

Assuming *arguendo* that this court finds that the term “telephone call” means the same ting as “telephone solicitation” (even though §227(c)(5) does not contain the term “telephone solicitation” in its authorizing paragraph and the FCC’s regulations do not cover “telephone calls”) the Complaint must still be dismissed. The texts sent to Plaintiff do not fall within the definition of “telephone solicitation”. A “telephone solicitation” is a call or message initiated for the purpose of encouraging the recipient to purchase, rent, or invest in property, goods, or services which is transmitted to any person”. 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(15).

FCC regulations impose restrictions on those engaged in “telephone solicitation[s],” 47 C.F.R. § 64.1200(c)(2), and “call[s] for telemarketing purposes,” 47 C.F.R. § 64.1200(d). “[T]telemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services,” 47 C.F.R. § 64.1200(f)(13); *Cacho v. McCarthy & Kelly LLP,* 739 F. Supp. 3d 195, (S.D.N.Y. 2024) at 208-209.

The texts sent by Defendant were not messages for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services. The texts did not sell anything--- they represent *offers to buy* the Plaintiff’s property. They provided the Plaintiff with an opportunity to make money and did not encourage that she purchase anything.

District courts have found that texts that present opportunities, either through informing recipients of job opportunities or of other money-making opportunities, do not fall within the telephone solicitation provisions of the TCPA.

In *Jance v. Homerun Offer LLC*, No. CV-20-00482, 2021 U.S. Dist. LEXIS 143145 (D. Ariz. July 29, 2021) the district court granted the motion to dismiss the § 227(c) claim. "Plaintiff alleges that the purpose of the calls was to purchase Plaintiff's home, not to induce Plaintiff to make a purchase from the caller. Because the TCPA clearly defines the terms solicitation and telemarketing, and that definition does not include offers to purchase, Plaintiff fails to state a claim under § 227(c)."

*In Gerrard v. Acara Solutions Inc*., 469 F.Supp.3d 96 (W.D. N.Y. 2020), the court dismissed the complaint under the TCPA brought by a plaintiff who received text messages advising of job opportunities. It said:

> [T]the Court concludes that none of the text messages identified in the Complaint constitutes an advertisement or telemarketing within the meaning of the TCPA's implementing regulations. The text messages described in the Complaint merely reference an employment opportunity—specifically, a contract position as a "Material Handler/Production Operator" in Buffalo Grove, Illinois. Some messages also state that Gerrard, if interested in the position, should "call/text Amy" at a certain phone number. Such text messages do not involve "the commercial availability or quality of any property, goods, or services." See 47 C.F.R. § 64.1200(f)(1). Nor do they "encourag[e] the purchase or rental of, or investment in," any "property, goods, or services." See 47 C.F.R. § 64.1200(f)(12). Thus, the text messages are neither advertisements nor telemarketing, as those terms are defined in the TCPA's implementing regulations. *Id.* at 99.

Other courts presented with recruitment-type messages or calls in analogous contexts have reached similar conclusions. See, e.g., *Friedman v. Torchmark Corp.*, No. 12-CV-2837-IEG (BGS), 2013 WL 4102201, at *5-7 (S.D. Cal. Apr. 16, 2013) (dismissing complaint with prejudice where two calls to a residential landline were "similar to [an] offer of employment" and therefore were neither unsolicited advertisements nor telephone solicitations); *Lutz Appellate Servs., Inc. v. Curry* , 859 F. Supp. 180, 181 (E.D. Pa. 1994) (dismissing complaint for failure to state a claim under the TCPA where the defendants faxed a help-wanted ad to the plaintiff

because "[a] company's advertisement of available job opportunities within its ranks is not the advertisement of the commercial availability of property").

In *Rockwell v. Medicus Healthcare Sols*., 24-CV-128-LJV (W.D. N.Y. Mar 31, 2025), the defendant successfully argued "that 'the staffing recruiting calls described in the [c]omplaint are neither 'telephone solicitation' nor 'telemarking' as those terms as defined in the [TCPA] and its implementing regulations.'

This Court agreed with *Gerrard*. "As other courts have held, advising about 'an opportunity to earn money does not constitute a [telephone] solicitation.' See *Suescum v. Family First Life, LLC*, 2023 WL 311144, at *2 (M.D. Fla. Jan. 19, 2023) (citing *Murphy v. DCI Biologicals Orlando, LLC*, 2013 WL 6865772, at *10 (M.D. Fla. Dec. 31, 2013))" p. 9.

In *Murphy v. DCI Biologicals Orlando*, the district court held that an offer to a recipient to earn money by selling something the recipient owns is not a solicitation under the TCPA. It ruled "the message sent to Murphy offered to pay him for making another blood donation. For these reasons, Murphy's TCPA Solicitation Counts fail as well." *Id.* at 20. See *Meadows v. Franklin Collection Serv., Inc*., 414 Fed. App'x. 230, 236 (11th Cir. 2011) (noting that a TCPA defendant "did not try to sell anything to [the plaintiff], and did not offer to provide her any services," rejecting the plaintiff's "invitation to stretch and distort the meaning of 'telephone solicitation.')" *Id*. at 12.

In *Hulce v. Zipongo Inc*., 132 F.4th 493 (7th Cir. 2025), the defendant invited a health-plan member to use nutritional consultations paid for by the health plan provider The Seventh Circuit affirmed summary judgment dismissing the § 227(c) claim because the communications encouraged the recipient to use a service that the recipient would not have to pay for.

In *Edelsberg v. Vroom, Inc*., Case No. 16-cv-62734-GAYLES (S.D. Fla. Mar 27, 2018) the defendant, sent a text message to the plaintiff stating "Hi Mark, I am Scott at Vroom. I saw you listed your Prius online & can make an offer but need you to fill out a few more details…." On summary judgment, the court dismissed the case because the text message was not a solicitation but an offer to purchase the car of the plaintiff, not sell any goods or property to the plaintiff. At p. 8-9.

See also *Suescum v. Family First Life, LLC*, 2023 WL 311144, at *2 (M.D. Fla. Jan. 19, 2023) (citing *Murphy v. DCI Biologicals Orlando, LLC*, 2013 WL 6865772, at *10 (M.D. Fla. Dec. 31, 2013))" p. 9.

None of the text messages at issue are for the purpose of the inducement of the purchase or rental of, or investment in, property, goods, or services but to induce the recipient to **sell** her house. Finding that the text messages to the Plaintiff were telephone solicitations under the TCPA would stretch, distort and misconstrue the definition of "telephone solicitation." Hence, her claim under §227(c)(5) can be dismissed as outside the definition of telephone solicitation, if the court interprets that statute to cover text messages.

**C. Plaintiff** Did not Receieve more than one telephone call within any 12-month period in violation of the regulations.

This case presents a novel question of first impression. While she did receive the first text on May 11, 2026, that text provided her with the opportunity to opt out from receiving any additional texts. She did not take that opportunity. Assuming, once again for the sake of argument that text messages fall under §227(c)(5), did this text violate 47 C.F.R. §64.1200 (c)? That rule prohibits "telephone solicitations" without permission. The failure to take action, as the

Plaintiff did, to affirmatively withdraw permission, when given the opportunity, constitutes permission to receipt of future texts.

While there is no written prior express permission for these texts, the FCC rules allow a sender of an unsolicited faxes to avoid liability by providing a procedure to opt-out which must be honored within 30 days. 47 C.F.R. §64.1200(a)(4). While there is no analogous provision for texts (for the many reasons why this rule is defective), the FCC clearly intended to allow alleged offenders to avoid liability if they promptly honor requests to stop contact. Here, the Defendant stopped sending texts within four days because it acknowledged the plaintiff's disinterest—even thought she never requested Defendant to stop sending the texts.

While the very first text may have violated the do not call provisions, of 47 C.F.R. §64.1200 (c) the subsequent texts did not. The Plaintiff had within her power and control to prevent them by opting out. Had she done so, she would have received no further texts, and no further violations would have occurred. Had she stopped future texts, at her option, she would have received only **one** text, which means that she would not be entitled to relief under §227(c)(5) which requires **more than one telephone call** within a 12-month period. Plaintiff's actions caused the additional three texts by her failure to opt out. As a matter of equity, the Plaintiff's conduct estops her from claiming that the additional three texts violated the TCPA because she had the power to prevent their occurrence. Also see *Newell v. JR Capital, LLC*, No. 25-1419 (E.D. Pa. Aug. 17, 2026), in which the court allowed estoppel in TCPA matters.

## III. Rule 11 Request

Defendant does not seek a finding under Rule 11 or an award of sanctions through this motion to dismiss. Fed. R. Civ. P. 11(c)(2) requires a party-initiated motion for sanctions to be made separately from any other motion. Accordingly, this motion asks the Court to resolve the

sufficiency of the complaint under Rule 12, and to the extent the Court's Individual Practices require permission before filing a separate sanctions motion, Defendant requests leave to seek that relief by separate motion only after complying with Rule 11(c)(2), including service of the proposed motion and expiration of the applicable safe-harbor period without withdrawal or appropriate correction of the challenged matter. Defendant does not request a Rule 11 finding or sanctions at this time. This procedural request does not ask the Court to shorten or dispense with Rule 11's requirements.

## IV. Conclusion

This Complaint fails to state a claim under FRCP 12(b)(6) and should dismissed without leave to amend. See *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008) ("district courts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

Respectfully submitted,

Dated: October 15, 2026

*<u>/s Anthony M. Verna III</u>*
Anthony M. Verna III, Esq.
Verna Law, P.C.
80 Theodore Fremd Ave.
Rye, NY 10580
914-908-6757
anthony@vernalaw.com
*Attorney for Defendant*
Hello Home Buyers LLC